UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RALPH HAGY,

                Plaintiff,

    -  against -

NEW YORK STATE SUPREME COURT JUSTICE
JOAN B. LOBIS; NEW YORK STATE SUPREME
COURT JUSTICE LAURA DRAGER; NEW YORK
STATE UNIFIED COURT SYSTEM; SUSAN BENDER,
ESQ.; KAREN ROSENTHAL, ESQ.; BENDER
BURROWS & ROSENTHAL LLP; CAROL FINK-
HAGY; PRESIDING JUDGE FOR ADMINISTRATION,
NEW YORK OFFICE OF COURT ADMINISTRATION;
GOVERNOR OF THE STATE OF NEW YORK;
JOHN DOES 1-10; JANE DOES 1-10.

                Defendants.

------------------------------------------------------------X

09 Civ. 0879 (SCR)(PED)

REPORT AND
RECOMMENDATION

**TO: THE HONORABLE STEPHEN J. ROBINSON**
**UNITED STATES DISTRICT JUDGE**

## I. INTRODUCTION

On January 30, 2009, Plaintiff, acting *pro se*, filed his Complaint in this action. D.E. 1.

The complaint alleges three (3) federal causes of action, i.e., violations of 42 U.S.C. § 1983, 42

U.S.C. § 1985, and his rights to Due Process and Equal Protection under the Fourteenth

Amendment to the United States Constitution, as well as multiple state law claims for malicious

prosecution[1], malicious abuse and/or misuse of process, intentional and/or negligent infliction of

emotional distress, and "government abuse of power/government oppression; public employees

---

[1] While unclear based on the allegations in Plaintiff's Complaint, the Court reads the malicious prosecution count as based in state law as there is no right of action for malicious prosecution under the federal civil rights statutes absent a claim that the plaintiff was "taken into custody, imprisoned, physically detained or seized." *Washington v. County of Rockland*, 373 F.3d 310, 316 (2d Cir. 2004). Plaintiff's Complaint is devoid of any such allegation of a Fourth Amendment violation.

wrongfully enforcing laws against Plaintiff." Before the Court are three (3) motions to dismiss: (a) a motion filed by Defendants Bender, Rosenthal and Bender Burrows & Rosenthal LLP on March 18, 2009 (D.E. 9); (b) a motion filed by Defendants Lobis, Drager, Governor of the State of New York, New York State Unified Court System, and Presiding Judge for Administration of the New York Office of Court Administration on April 20, 2009 (D.E. 14); and (c) a motion filed by Defendant Fink-Hagy – who appears *pro se* – on April 27, 2009 (D.E. 17).[2] For the reasons set forth below, I respectfully recommend that Defendants' motions be **GRANTED** and the case **DISMISSED.**

## II.  BACKGROUND

Plaintiff and Defendant Carol Fink-Hagy, formerly married, were divorced on April 27, 2004. *See* D.E. 1, ¶ 15. The allegations in Plaintiff's Complaint stem from issues involving post-divorce custody of their minor daughter, K.H: "there has been an ongoing concerted effort by Defendants to obstruct, interfere with, and deny Plaintiff his parenting time with his child..." *Id.*, ¶ 16. Plaintiff alleges that Defendant Fink-Hagy and the attorney defendants have conspired with the government defendants in efforts to deny Plaintiff his right to parent his child. These efforts, according to Plaintiff, include: improper use of *ex parte* orders and hearings (*Id.*, ¶¶ 17-22); discrimination based on Plaintiff's heterosexuality (*Id.*, ¶¶ 30-31); and unjustified orders both putting procedural limitations on Plaintiff's visits with his daughter and interfering with his livelihood (*Id.*, ¶¶ 25, 33-42). Plaintiff also contends that Defendant Lobis improperly restricted access to his minor child by issuing an order requiring installation of a blood alcohol ignition interlock device ("BAIID") as a prerequisite to allowance of overnight visits and the ability to transport his daughter in his vehicle. *Id.*, ¶¶ 35-37. Plaintiff claims that installation of the device has hindered his ability to earn a living and that the state court has refused, despite its previous

---

[2]Defendant Fink-Hagy's motion is styled as a "Memorandum of Law in Support of Defendant Carol Fink's Motion to Dismiss the Complaint."

2

order allowing for petition of removal of the device after six (6) months, to rule on a pending motion to remove the BAIID from his vehicle. *Id.*, ¶¶ 33-43. Plaintiff seeks, *inter alia*, injunctive relief against all defendants "compelling them to cease and desist in interfering with Plaintiff's parental rights" and "[g]ranting Plaintiff a restraining order to have them cease and desist from any further interference with Plaintiff's parental rights" as well as compensatory damages in excess of $100,000,000.00.

The government defendants – Justice Lobis, Justice Drager, Governor of the State of New York, New York State Unified Court System, and Presiding Judge for Administration of the New York Office of Court Administration – move to dismiss Plaintiff's Complaint on various grounds including immunity and abstention doctrines. The attorney defendants – Bender, Rosenthal and Bender Burrows & Rosenthal LLP – and Fink-Hagy seek dismissal on various grounds including lack of subject matter jurisdiction.

### III. DISCUSSION

#### A. Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegation in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attic Cent. Schs.,* 386 F.3d 107, 110 (2d Cir. 2004)(citation omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005). The Court may also raise the issue of subject matter jurisdiction at any time *sua sponte.* *See McGinty v. New York,* 251 F.3d

84, 90 (2d Cir. 2001)("Whether a federal court has subject matter jurisdiction is a question that may be raised at any time . . . by the *court sua sponte*.") (internal quotation marks omitted).

**B.     Dismissal Is Warranted Pursuant to the *Rooker-Feldman* Doctrine**

When a defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds, the "the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n,* 896 F.2d 674, 678 (2d Cir. 1990), *quoting* 5 C. Wright and A. Miller, Federal Practice and Procedure, § 1350, p. 548 (1969). Accordingly, the Court of Appeals has "urged . . . district courts to treat subject matter jurisdiction as a threshold issue for resolution[.]" *United Republic Insurance v. Chase Manhattan Bank*, 315 F.3d 168, 170 (2d Cir. 2003). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Thus, the potentially dispositive subject matter jurisdiction challenge raised by the attorney defendants and by defendant Fink-Hagy must be considered at the outset.

The *Rooker-Feldman* doctrine holds that federal district courts do not have subject matter jurisdiction to review judicial decisions of state courts absent a federal statute (such as 28 U.S.C. § 2254 governing habeas corpus petitions) specifically authorizing such review. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S. Ct. 1303, 1317, 75 L. Ed. 2D 206 (1983)(federal district courts lack jurisdiction "over challenges to state court decisions . . . arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional"); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16, 44 S. Ct. 149, 150, 68 L. Ed, 362 (1923). Therefore, under *Rooker-Feldman*, if a plaintiff's complaint seeks review of state court decisions, the federal courts lack subject matter jurisdiction over the complaint.

4

Before the Supreme Court decided *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005), federal district courts routinely dismissed actions involving questions of child custody under *Rooker-Feldman* on the theory that such actions were "inextricably intertwined" with a state court decision. *See Chase v. Czajka*, 2005 U.S. Dist. LEXIS 4425, at *20 (S.D.N.Y. 2005)(collecting cases.)[3] After *Exxon Mobil* narrowed the scope of the *Rooker-Feldman* doctrine, the Second Circuit determined that the "inextricably intertwined" standard no longer applies. *See McLamb v. County of Suffolk*, 280 Fed. Appx. 107, 108 (2d Cir. 2008)(the "inextricably intertwined" standard "did not survive the Supreme Court's decision in *Exxon Mobil*.")

In place of an "inextricably intertwined" standard, the Court of Appeals has determined that, after *Exxon Mobil,* there are four requirements for the application of *Rooker-Feldman*:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must "complain[] of injuries caused by [a] state-court judgment[.]" Third, the plaintiff must "invite district court review and rejection of [that] judgment[]….Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced" - i.e., Rooker-Feldman has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

*Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)(*quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)). District courts in this Circuit have continued to dismiss cases involving child custody orders on *Rooker-Feldman* grounds when the *Hoblock* requirements are met.[4] *See, e.g., Kainth v.*

---

[3] In accordance with the Second Circuit's suggestion in *Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009), Plaintiff will be provided with copies of all electronically-available-only opinions upon which this Report and Recommendation relies.

[4] Notably, a hypothetical used by the Court of Appeals in *Hoblock* to illustrate the application of *Rooker-Feldman* indicates that claims similar to plaintiff's are barred:

> Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and

5

*Salamone*, 2009 U.S. Dist. LEXIS 29614, at *9 (E.D.N.Y. 2009); *Puletti v. Patel*, 2006 U.S. Dist. LEXIS 51597, at * 15 (E.D.N.Y. 2006).

The *Hoblock* requirements are plainly met in the instant matter. Plaintiff lost in the state court proceedings before Judge Lobis. *See* D.E. 1, ¶¶ 21, 22, 25, 27, 29, 31. All injuries claimed were allegedly caused by the orders issued by Judge Lobis. *See*, e.g., D.E. 1, ¶ 32 ("These acts, commissions and omission by Defendant[] Lobis…have caused Plaintiff and his child great distress and damages….") Plaintiff's Complaint, though vague as to the specific relief sought, demands that the district court order the state court to "cease and desist" in interfering with his parental rights, i.e., to alter the content of the custody orders issued by the state court, and to compel Defendants to "immediately terminat[e] usage of the BAIID device", installation of which was the direct result of a court order issued by Judge Lobis. D.E. 1, pp. 15, 17-19. Lastly, there is no question that the orders in question were issued prior to initiation of the instant action. Thus, all requirements for application of *Rooker-Feldman* have been met.[5] Pursuant to *Rooker-Feldman*, the District Court is without jurisdiction over Plaintiff's claims.

---

[footnote continued]

> seeking its reversal. This he may not do, regardless of whether he raised any constitutional claims in state court, because only the Supreme Court may hear appeals from state-court judgments.

*Hoblock*, 422 F.3d at 87.

[5]*Hoblock* also states that "the parties in the state and federal action must be the same." 422 F.3d at 89. Application of the *Rooker-Feldman* doctrine does not, however, appear to require complete identity of all parties. Here, plaintiff Hagy and defendant Hagy-Fink were adversaries in the underlying custody and visitation proceedings. In his federal complaint, plaintiff has named as defendants – in addition to his ex-wife, who was his state court adversary – his ex-wife's attorneys, the judges who presided over the proceedings, and certain public officials and entities with authority over the state court system. "It would not make sense for a plaintiff to be able to frustrate *Rooker-Feldman* simply by naming [] additional defendant[s] who w[ere] not [] part[ies] to the state court action." *Lomnicki v. Cardinal McCloskey Svcs.*, 2007 U.S. Dist. LEXIS 54828, at *13 n.7 (S.D.N.Y. 2007)(Karas, J.). *See also Bush v. Danziger*, 2006 U.S. Dist. LEXIS 77035, at *10 n.3 (S.D.N.Y. 2006)(complete identity of parties not required).

Plaintiff asserts that *Rooker-Feldman* does not deprive this Court of jurisdiction as he "has sued for civil rights violations..." D.E. 20, p. 17. Although the complaint alleges various purported Constitutional violations, the basis of Plaintiff's complaint concerns decisions made by Defendant Lobis in New York state courts. It is well-settled that a party may not evade *Rooker-Feldman* "by recasting his claims pending in state court as a civil rights action." *Alleyne v. City of New York*, 225 F. Supp. 2d 391, 394 (S.D.N.Y. 2002); *see also Hoblock*, 422 F.3d at 88 (2d Cir. 2005)("in some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments.") Despite Plaintiff's allegations of violations of his Constitutional rights, the relief sought in his Complaint clearly indicates that he is seeking relief from the state court's orders, i.e., "cease and desist in interfering with Plaintiff's parental rights...and immediately terminating usage of the BAIID device." D.E. 1, pp. 15, 17-19. Despite the assertion of federal constitutional claims in Plaintiff's Complaint, then, such claims are, in fact, attacks on the New York state court orders that cannot be entertained by this Court.

## C. Defendant's Remaining Grounds for Dismissal of Federal Claims

Because I recommend dismissal for lack of subject matter jurisdiction, this Report and Recommendation does not address the alternate grounds raised by Defendants in their motions to dismiss, i.e., judicial immunity, Eleventh Amendment immunity, *Younger* abstention, domestic relations exception to federal jurisdiction, and failure to properly allege the elements of the constitutional claims. Should the District Court disagree with my recommendation, I respectfully request that the Court remand the matter to me for further analysis.[6]

---

[6] The Bender Burrows defendants seek attorney's fees pursuant to 42 U.S.C. § 1988 should Plaintiff's Complaint be dismissed. Fed. R. Civ. P. 54(d)(2) requires that a request for attorney's fees be made by motion and "specify the judgment". As no judgment has been entered in this matter, this request is premature. I note, however, that the Supreme Court has indicated that attorney's fees should "rarely be awarded" against *pro se* plaintiffs. *Hughes v. Rowe*, 449 U.S. 5, 15 (1980).

7

### D. State Law Claims

Because all three (3) of Plaintiff's federal claims are subject to dismissal, the Court should decline to exercise jurisdiction over Plaintiff's state law claims. *Weissbrod v. Housing Part,* 293 F. Supp. 2d 349, 355 (S.D.N.Y. 2003); 28 U.S.C. § 1367(c)(3). Counts IV through VII of Plaintiff's Complaint, setting forth state law claims for malicious prosecution, malicious abuse and/or misuse of process, intentional and/or negligent infliction of emotional distress, and "government abuse of power/government oppression; public employees wrongfully enforcing laws against plaintiff", should therefore be dismissed.

### E. Plaintiff's Remaining Demands

Plaintiff demands "appointment of competent, effective Civil Rights attorney knowledgable in Civil Rights law, Constitutional law, criminal law, civil law, and family law." D.E. 1, p. 27. There is no constitutional right to counsel in a civil case. *See Martin-Trigona v. Lavien,* 737 F.2d 1254, 1260 (2d Cir. 1984). Plaintiff's demand should be rejected.

Plaintiff further demands "appointment of a Special Federal Grand Jury to investigate the criminal behavior of all of the Defendants as alleged by Plaintiff...." D.E. 1, p. 27. Impanelment of special grand juries is a function reserved to the court, which has the discretionary authority to convene or discharge a grand jury. *Petition of A&H Transp., Inc.,* 319 F.2d 69, 71 (4th Cir. 1963). While plaintiff's motion does not specify a legal basis for the relief sought, it could be construed as implicating the provisions of 18 U.S.C. § 3332(a), which essentially requires the United States Attorney to present information regarding criminal activity to a grand jury upon request, and as seeking mandamus relief requiring the United States Attorney to take such measures in connection with plaintiff's allegations.[7] *See Simpson v. Reno,*

---

[7] 18 U.S.C. § 3332(a) provides as follows:

It shall be the duty of each such grand jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district. Such alleged offenses may be brought to the attention of

8

902 F. Supp. 254, 257 (D.D.C. 1995); *In re Grand Jury Application*, 617 F. Supp. 199, 201 (S.D.N.Y. 1985). However, plaintiff does not allege that he has provided the United States Attorney with information as to any crime or that he has requested the United States Attorney to inform the grand jury of any alleged offense. There is therefore no basis for any relief under § 3332(a). *See Jackson v. New York State*, 2006 U.S. Dist. LEXIS 44778, at *33 n. 15 (N.D.N.Y. 2006).

## IV. CONCLUSION

For the reasons set forth above, I respectfully recommend that Defendants' Motion to Dismiss Plaintiff's Complaint be **GRANTED.**

## V. NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(d), or a total of seventeen (17) days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Steven C. Robinson at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

---

[footnote continued]

the grand jury by the court or by any attorney appearing on behalf of the United States for the presentation of evidence. Any such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation.

9

Requests for extensions of time to file objections must be made to Judge Robinson.

Dated: January 14, 2010
       White Plains, N.Y.

                                  Respectfully submitted,

                                  PAUL E. DAVISON
                                  UNITED STATES MAGISTRATE JUDGE