UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

RALPH HAGY,

        Plaintiff,

v.

NEW YORK STATE SUPREME COURT
JUSTICE JOAN B. LOBIS; NEW YORK
STATE SUPREME COURT JUSTICE
LAURA DRAGER; NEW YORK STATE
UNIFIED COURT SYSTEM; SUSAN
BENDER, ESQ.; KAREN ROSENTHAL,
ESQ.; BENDER BURROWS & ROSENTHAL
LLP; CAROL FINK-HAGY; PRESIDING
JUDGE FOR ADMINISTRATION, NEW
YORK OFFICE OF COURT
ADMINISTRATION; GOVERNOR OF THE
STATE OF NEW YORK; JOHN DOES 1-10;
JANE DOES 1-10,

        Defendants.

09 Civ. 879 (SCR) (PED)

MEMORANDUM ORDER
ADOPTING REPORT AND
RECOMMENDATION

**STEPHEN C. ROBINSON, United States District Judge:**

    Ralph Hagy ("Plaintiff"), proceeding *pro se*, brought this action against his ex-wife and various attorneys, state court officials and entities, government officials and entities, and a law firm (collectively, "Defendants"), alleging both federal and state law claims. The federal claims include violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Fourteenth Amendment Due Process and Equal Protection Clauses. The state law claims include malicious prosecution, malicious abuse and/or misuse of process, intentional and/or negligent infliction of emotional distress, and "government abuse of power/government oppression; public employees wrongfully enforcing laws against Plaintiff." Currently before this Court are motions to dismiss filed by the following groups of Defendants: (1) Susan Bender, Esq., Karen Rosenthal, Esq., and Bender

Burrows & Rosenthal, LLP; (2) New York State Supreme Court Justice Joan B. Lobis, New York State Supreme Court Justice Laura Drager, the Governor of the State of New York, the Unified Court System of the State of New York, and the Presiding Judge for Administration of the New York Office of Court Administration; and (3) Carol Fink-Hagy.

This Court referred the petition to Magistrate Judge Paul E. Davison to issue a Report and Recommendation. Judge Davison issued the Report and Recommendation on January 14, 2010, recommending that this Court dismiss the action in its entirety. As Judge Davison explicitly noted at the end of the Report and Recommendation, under 28 U.S.C. § 636(b)(1) and Rules 72(b) and 6(d) of the Federal Rules of Civil Procedure, the parties had a right to file written objections to the Report and Recommendation within seventeen days from January 14, 2010. Plaintiff timely filed objections to the Report and Recommendation on January 28, 2010.

For the reasons set forth below, this Court adopts Judge Davison's Report and Recommendation in its entirety and grants Defendants' motions to dismiss.

## I. BACKGROUND

This Court assumes familiarity with the facts included in Judge Davison's Report and Recommendation.

## II. STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1). To accept a Report and Recommendation to which no timely, actionable objection has been made, a district court need only satisfy itself that "there is no clear error on

the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F.Supp.2d 342, 346-47 (S.D.N.Y. 2006); *see also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." *Kirk v. Burge*, 646 F.Supp.2d 534, 538 (S.D.N.Y. 2009). "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003) (collecting cases). Further, district courts "generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." *Ortiz v. Barkley*, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) (collecting cases).

### III. DISCUSSION

#### a. Objections to the Report and Recommendation

Plaintiff objects to Judge Davison's Report and Recommendation on four grounds. First, Plaintiff contends that the *Rooker-Feldman* doctrine does not apply to the instant action. *See* Obj. at 1-2, 12-15. Second, Plaintiff argues that he has stated a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See id.* at 7-12. Third, Plaintiff objects to Judge Davison's conclusions regarding the state tort claim issues as "erroneous." *See id.* at 19. Fourth, Plaintiff

3

objects that Judge Davison did not order that a Special Federal Grand Jury be empanelled to investigate the alleged criminal behavior by Defendants. *See id.*

### b. Application of the *Rooker-Feldman* Doctrine

Plaintiff argues that the *Rooker-Feldman* doctrine does not apply to the instant case because Plaintiff's claims do not arise out of a state law matter (*i.e.* the domestic relations matters), Plaintiff does not seek appellate review of his state law claims, and Plaintiff is not a "state-court loser." *See* Obj. at 1-2, 12-19. Plaintiff's arguments that his claims do not arise out of a state law matter and that he is not seeking appellate review of his state law claims were analyzed in Judge Davison's Report and Recommendation. *See* Report & Recommendation at 6-7. This Court, therefore, reviews those arguments for clear error only. Plaintiff's claim that he is not a "state-court loser" constitutes a challenge to Judge Davison's legal analysis, and accordingly, this Court will review that claim *de novo*.

The *Rooker-Feldman* doctrine bars federal actions brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *see also Hoblock v. Albany County Board of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (*Rooker-Feldman* requires that "the federal-court plaintiff must have lost in state court"). As the Report and Recommendation discusses, Plaintiff's claims, though styled as constitutional civil rights claims, challenge various state court judgments in which Plaintiff was the losing party. *See* Report & Recommendation at 6-7. In discussing the various state court proceedings, Plaintiff himself complains that he was "the loser on every application." *See* Obj. at 5. Plaintiff nonetheless claims that he is not a "state-court loser" for purposes of *Rooker-Feldman* because his filing of the instant action achieved certain of his goals—specifically, the blood alcohol ignition interlock

device ("BAIID") was removed from Plaintiff's car and the orders that Plaintiff pay attorneys' fees to Defendants Bender, Rosenthal, and Bender Burrows & Rosenthal, LLP were "stopped." *See id.* at 1-2, 13-14. The state court judgments about which Plaintiff complains were final judgments in which Plaintiff constituted the losing party. Absent modification of the underlying state court judgments, the fact that Plaintiff ultimately obtained some of the relief he sought does not undermine his status as the "state-court loser." *Compare with Green v. Mattingly*, 585 F.3d 97, 102 (2d Cir. 2009) (plaintiff did not "lose" in state court where Family Court issued an order temporarily removing plaintiff's child from her custody, and then, four days later, issued a superseding order returning plaintiff's child to her such that there was never a final order of disposition removing the child from plaintiff's custody). Thus, having reviewed this argument *de novo*, this Court concludes that Plaintiff is a "state-court loser" for purposes of the *Rooker-Feldman* doctrine.

Plaintiff's remaining objections regarding the application of the *Rooker-Feldman* doctrine reiterate the arguments that were before Judge Davison and do not challenge any legal rule, analysis, or characterization of material facts in the Report and Recommendation. *See* Obj. at 12-15. Therefore, this Court has reviewed the relevant portions of the Report and Recommendation for clear error only and has determined that there is none.

This Court thus finds that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and accordingly are dismissed.

### c. Failure to Consider Whether Plaintiff Has Stated a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Plaintiff argues that he has stated a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Obj. at 7-12. As the Report and Recommendation notes, Judge Davison did not consider whether Plaintiff had stated a claim because he recommended that the action be

dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Report & Recommendation at 7. Because this Court has dismissed Plaintiff's claims pursuant to Rule 12(b)(1), this Court likewise does not reach the question of whether Plaintiff has stated a claim pursuant to Rule 12(b)(6).

### d. Dismissal of the State Law Claims

Plaintiff objects to Judge Davison's conclusions regarding the state law claims as "erroneous." *See* Obj. at 19. Plaintiff explains this assertion by stating only that "[t]he State law claims cannot be dismissed if the Federal claims are upheld." *See id.* Because this Court has dismissed Plaintiff's federal claims, Plaintiff's objection does not challenge any legal rule, analysis, or characterization of material facts in the Report and Recommendation. Accordingly, this Court has reviewed Judge Davison's conclusions regarding the state law claims for clear error only and has determined that there is none.

### e. Plaintiff's Remaining Objections

Plaintiff's remaining objections reiterate the arguments made before Judge Davison and do not challenge any legal rule, analysis, or characterization of material facts in the Report and Recommendation. This Court, therefore, has reviewed the relevant portions of the Report and Recommendation for clear error only and has determined that there is none.

### f. Uncontested Portions of the Report and Recommendation

Plaintiff has not raised any objections to the remaining portions of Judge Davison's Report and Recommendation. Therefore, this Court has reviewed the uncontested portions of the Report and Recommendation for clear error only and has determined that there is no clear error on the face of the record.

## IV. CONCLUSION

This Court has reviewed Judge Davison's thorough and well-reasoned Report and Recommendation and adopts Judge Davison's findings in their entirety. Accordingly, Defendants' motions to dismiss are granted. The Clerk of the Court is directed to terminate docket entries 9, 14, and 17, and to close the case.

*It is so ordered.*

Dated: White Plains, New York

 April 30, 2010

Stephen C. Robinson, U.S.D.J.